UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

GLENN RAY VIGIE, ET AL.                                           CIVIL ACTION

VERSUS                                                            NO: 05-6067

JLG INDUSTRIES, INC., ET AL.                                      SECTION: "A" (5)

## ORDER & REASONS

Before the Court is a **Motion for Summary Judgment (Rec. Doc. 31)** filed by Defendant Capstone Building Corporation, or "Capstone." Plaintiffs oppose the motion. The motion, set for hearing on December 13, 2006, is before the Court on the briefs without oral argument. For the following reasons, Defendant Capstone's **Motion for Summary Judgment (Rec. Doc. 31)** is **GRANTED**.

## I. BACKGROUND

On December 17, 2004, Plaintiff, Glenn Ray Vigie, was unloading air conditioning units for installation into a new dormitory building at Southeastern Louisiana University. Capstone was the general contractor for the dormitory. On the day of the accident, Plaintiff was working for his employer, River City Air Conditioning, or "River City." River City had a contract with Capstone to perform HVAC work for the project. As part of the work, a telescoping forklift was

used to unload the air conditioning units onto various floors of the new dormitory. It was Plaintiff Vigie's job to remove the units from the wooden boxes in which they were packaged.

At the time of the accident, Plaintiff was standing on a fourth floor balcony. As the configuration of the fourth floor did not permit the wooden box to be deposited directly onto the balcony, Plaintiff climbed into the box in order to free the air conditioning unit for transfer to the balcony. However, when he got into the box to free the unit, the box tipped. As a result, Plaintiff Vigie fell four stories to the ground below. Subsequent to this fall, the wooden box itself fell off of the forklift striking the Plaintiff on the ground. Following the accident, Plaintiffs sued JLG Industries, Inc., the manufacturer of the forklift, alleging an unreasonably dangerous product, and the general contractor, Capstone, for alleged negligence.

## II. DISCUSSION

### Defendant Capstone's Argument

Defendant Capstone, citing Plaintiffs' complaint, asserts that "[P]laintiff was in the course and scope of his employment with River City and was performing work pursuant to River City's contract with Capstone at the time of his injury." (Def. Memo in Supp. of MSJ, p. 4). With this in mind, Capstone argues that "except for intentional acts, an employee's sole remedy against his employer for injuries incurred in the course and scope of his employment is for workers' compensation benefits." (Def. Memo in Supp. of MSJ, p. 5) (*citing* La. R.S. 23:1032). Further, Capstone contends that the exclusive remedy provided under LSA- R.S. 23:1032(A), extends to statutory employers as contemplated under LSA- R.S. 23:1061. (Def. Memo in Supp. of MSJ, p. 5).

In support, Capstone argues that "[L]ouisiana courts, both federal and state, have held that workers' compensation benefits are the exclusive remedy of a contractor's employee who is found to be the statutory employee of the principal, thus providing principals with immunity from tort liability for injuries sustained by employees." (Def. Capstone Memo in Supp. of MSJ, p. 5) (*citing Carnes v. Frank's Petroleum, Inc.*, 92-2212, 633 So.2d 1295, 1300 (La. App. 1st Cir. 3/11/94); *Forno v. Gulf Oil Corp.*, 699 F.2d 795, 796 (5th Cir. 1993)).  As general contractor, Capstone argues that it is entitled to raise the "two contract" statutory employer defense, which arises from a conjunctive reading of LSA-R.S. 23:1032 and 23:1061. (Def. Memo in Supp. of MSJ, p. 6,7) *citing Carnes,* 633 So.2d 1295; *Orillion v. Alton Ochsner Medical Foundation*, 685 So.2d 329 (La. App. 5th Cir. 1996); *Berry v. Holston Well Service, Inc.,* 488 So.2d 934 (La. 1986).  Accordingly, Defendant Capstone contends that "[P]ursuant to La. R.S. 23:1032 and 1061, plaintiff's sole remedy against Capstone is via the Louisiana Workers' Compensation Act." (Def. Capstone Memo in Supp. of MSJ, p. 4).

## Plaintiffs' Argument

Plaintiffs' opposition does not address the merits of Defendant Capstone's Motion for Summary Judgment.  Instead, Plaintiffs' opposition raises arguments for granting a Motion for Leave to File an Amended Complaint, and a Motion to Continue the Motion for Summary Judgment hearing date.  In addition, the opposition outlines the "intentional act" portion of LSA-R.S. 23:1032(B), and the relevant case law interpreting that provision. (Pla. Memo in Opp. to MSJ, p. 2) (*citing Callaway v. Anco Insulation, Inc.*, 98-0397 (la. App. 4 Cir. 3/25/98), 714 So.2d 730, *writ denied*, 98-1034 (La. 11/19/99), 749 So.2d 666)).

**III. LEGAL STANDARD**

<u>Summary Judgment</u>

Summary judgment is appropriate only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," when viewed in the light most favorable to the non-movant, "show that there is no genuine issue as to any material fact." *TIG Ins. Co. v. Sedgwick James*, 276 F.3d 754, 759 (5th Cir. 2002) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986)). A dispute about a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Id.* (citing *Anderson*, 477 U.S. at 248). The court must draw all justifiable inferences in favor of the non-moving party. *Id.* (citing *Anderson*, 477 U.S. at 255). Once the moving party has initially shown "that there is an absence of evidence to support the non-moving party's cause," *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986), the non-movant must come forward with "specific facts" showing a genuine factual issue for trial. *Id.* (citing FED.R.CIV.P. 56(e); *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986)). Conclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue for trial. *Id.* (citing *SEC v. Recile*, 10 F.3d 1093, 1097 (5th Cir. 1993)).

**IV. LAW & ANALYSIS**

With this standard in mind, the focal point of this Court's inquiry is LSA-R.S.

4

23:1032(A) and 23:1061.[1] Utilizing this language, the Court must review the record and decide whether Plaintiffs' claim against this Defendant falls within the workers' compensation scheme as outlined by the aforementioned statutes.

The evidence in the record, as well as Plaintiffs' complaint, indicates that Plaintiff Vigie was injured while in the course and scope of his employment and pursuant to a contract between Capstone as general contractor, and River City as subcontractor. (Pla. Comp., ¶ 4.1, 4.2, 5.1). Capstone, as general contractor, has asserted the "two contract" statutory employer defense.

---

[1] LSA-R.S.23:1032(A)(1)(a):
Except for intentional actions provided for in Subsection B, the rights and remedies herein granted to an employee or his dependant on account of an injury, or compensable sickness or disease for which he is entitled to compensation under this Chapter, shall be exclusive of all other rights, remedies, and claims for damages, including but not limited to punitive or exemplary damages, unless such rights, remedies, and damages are created by a statute, whether now existing or created in the future, expressly establishing same as available to such employee, his personal representatives, dependents, or relations, as against his employer, or any principal or any officer, director, stockholder, partner, or employee of such employer or principal, for said injury, or compensable sickness or disease.

LSA-R.S. 23:1061 provides:

A. (1) Subject to the provisions of Paragraphs (2) and (3) of this Subsection, when any "principal" as defined in R.S. 23:1032 (A)(2), undertakes to execute any work, which is a part of his trade, business, or occupation and contracts with any person, in this Section referred to as the "contractor," for the execution by or under the contractor of the whole or any part of the work undertaken by the principal, the principal, as a statutory employer, shall be granted the exclusive remedy protections of R.S. 23:1032 and shall be liable to pay to any employee employed in the execution of the work or to his dependent, any compensation under this Chapter which he would have been liable to pay if the employee had been immediately employed by him; and where compensation is claimed from, or proceedings are taken against, the principal, then, in the application of this Chapter reference to the principal shall be substituted for reference to the employer, except that the amount of compensation shall be calculated with reference to the earnings of the employee under the employer by whom he is immediately employed. For purposes of this Section, work shall be considered part of the principal's trade, business, or occupation if it is an integral part of or essential to the ability of the principal to generate that individual principal's goods, products, or services.

(2) A statutory employer relationship shall exist whenever the services or work provided by the immediate employer is contemplated by or included in a contract between the principal and any person or entity other than the employee's immediate employer.

LA. REV. STAT. ANN. §23:1032(A)(2006), §23:1061(2006).

5

Under Louisiana law, "[P]ursuant to the statutes, in order to raise the two contract defense, a defendant must establish only that: (1) it entered into a contract with a third party; (2) pursuant to that contract, work must be performed; and (3) in order for the defendant to fulfill its contractual obligation to perform the work, the defendant entered into a subcontract for all or part of the work performed." *Allen v. State ex. rel. Earnest N. Morial –New Orleans Exhibition Hall Authority, et al.*, 842 So.2d 373, 383, 2002-1072 (La. 4/9/03).

The record shows that Defendant Capstone entered into an agreement with a third party to build a new dormitory for Southeast Louisiana University, and that pursuant to that contract, work was performed. (Def. Memo in Supp. of MSJ, Exh. A). Further, the record shows that in order for Capstone to fulfill its contractual obligation to perform the work, it entered into a subcontract with River City for part of the work to be performed. (Def. Memo in Supp. of MSJ, Exh. B). Therefore, Defendant Capstone has properly raised the "two contract" statutory employer defense.

In opposition, Plaintiffs have presented no depositions, answers to interrogatories, admissions, or affidavits supporting their position that summary judgment is inappropriate for this Defendant. Further, Plaintiffs have cited no case law directed toward defeating the merits of Capstone's Motion for Summary Judgment. Instead, Plaintiffs' opposition references a proposed First Amended Complaint incorporating the allegation that Capstone's conduct surrounding this incident was intentional. (Pla. Memo in Opp. to MSJ, p. 1). In support, Plaintiffs' opposition outlines Louisiana case law on the "intentional act" exception to the workers compensation act. (Pla. Memo in Opp. to MSJ, p. 2). However, this Court notes that Plaintiffs' Motion for Leave

to File First Amended Complaint **(Rec. Doc. 48)** was properly denied by the Magistrate Judge as untimely.  Therefore, no allegation of an "intentional act" is contained in the pleadings before this Court.  As such, Plaintiffs have not come forward with any "specific facts" showing a genuine factual issue for trial as to this Defendant. *Celotex*, 477 U.S. 317, 325 (1986).

Therefore, following a review of the record, this Court finds that summary judgment is appropriate.  Under the applicable law, the Plaintiffs are limited to the exclusive remedy provided by the Louisiana workers compensation act against this Defendant.  In so holding, this Court is mindful of the language of LSA- R.S. 23:1032 and 23:1061, as well as the basic purpose behind the workers' compensation act, "to provide workers' compensation benefits to injured workers and thereby avoid the pitfalls and defenses of the tort system." *Allen,* 842 So.2d 373, 383.

Accordingly;

**IT IS ORDERED** that Defendant Capstone's **Motion for Summary Judgment (Rec. Doc. 31)** is **GRANTED**.

New Orleans, Louisiana, Wednesday, January 3, 2007.

JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE